**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| DANNY WAYNE TIDWELL | ) | |
| ADC # 152340 | ) | |
|     Petitioner, | ) | **Case No. 5:14-CV-00320 DPM-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, Arkansas | ) | |
| Department of Correction | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Danny Wayne Tidwell. (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

**Background**

On May 2, 2012, Petitioner pled guilty to second-degree sexual assault in White County (Arkansas) and was sentenced to 240 months' imprisonment.  On May 8, 2013, Petitioner filed a state petition for writ of habeas corpus in the White County Circuit Court, but it was denied for lack of personal jurisdiction because he was being held in Pulaski County.  Petitioner then filed a state habeas petition in Pulaski County, but it was construed as being a petition seeking relief pursuant to Ark. R. Crim. Pro. 37 and was denied as being filed in the wrong county.

**Discussion**

Petitioner appears to argue that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) he received ineffective assistance of counsel when counsel exaggerated the amount of evidence against him and pressured him into accepting a plea bargain and 2) his confession during his guilty plea was involuntary because it was coerced. However, his claims fail because they are time barred, procedurally defaulted, and without merit.

Petitioner's claims are barred by the statute of limitations. Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because a guilty plea forecloses the possibility of any direct appeal under Arkansas law, the statute of limitations began to run on May 3, 2012, and expired on May 2, 2013. The current petition was not filed until August 27, 2014. Petitioner's attempts at postconviction relief did not toll the statute of limitations because the first attempt was made after the limitations period had already expired and because they failed to comply with state law. Because Petitioner has failed to establish either of the elements necessary for equitable tolling, his petition is time barred. *See Holland v. Florida*, 560 U.S. 631, 648 (2010)..

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted).

"[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner failed to present any of his arguments for a complete round of review by the state courts, so his claims are procedurally defaulted. Even if it is assumed that he has established cause for the defaults of his ineffective assistance claim, Petitioner has failed to establish sufficient prejudice under the circumstances. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Thus, his default cannot be excused.

Petitioner seeks exemption from the statute of limitations and his procedural defaults through a claim of actual innocence, but he has failed to meet the stringent requirements set out in *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013). To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). Petitioner's conclusory assertions that the victim's testimony was insufficient evidence to warrant a guilty plea and that his lawyer's advice to plead guilty under the circumstances was coercion plainly fail to warrant application of this exceedingly rare exception. Lastly, Petitioner's claims are without merit.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 4th day of December, 2014.

_____
United States Magistrate Judge